IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CRAWFORD NIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 7:15-cv-00186-LSC |
| ) | |
| NATIONWIDE MUTUAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF OPINION**

Plaintiff Crawford Nixon ("Nixon") brought this action against Defendant Nationwide Mutual Insurance Company ("Nationwide") based on Nationwide's denial of a claim submitted pursuant to a flood insurance policy. Before the Court is Nationwide's motion to strike pursuant to Fed. R. Civ. P. 12(f), or in the alternative, motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 26.) The issues have been fully briefed and are ripe for review. For the reasons stated below, Nationwide's motion is to strike is denied, and Nationwide's motion to dismiss is due to be granted in part and denied in part.

**I.   BACKGROUND**

In 2014, Nixon purchased a flood insurance policy from Nationwide. Flood waters later damaged Nixon's property, and Nixon submitted a claim under the

policy, which Nationwide denied. As a result, Nixon filed a complaint titled "Complaint for Declaratory Judgment" seeking damages for breach of contract. Nationwide responded by filing a motion to dismiss the complaint, which the Court denied, directing Nixon to file an amended complaint "conforming it to reflect a complaint for breach of contract and alleging that he has met the conditions precedent to filing a claim under the NFIA, including having complied with the proof of loss provision." (Doc. 23 at 6.) The Court also directed Nixon to ensure that his requests for extra-contractual damages and a jury trial were permitted in NFIA-based actions. Nixon filed an amended complaint adding the allegation that "[a]ll conditions to recovery under the policy have been either met or waived," and reasserting his claim for extra-contractual damages and for a jury trial with regard to those damages. (Doc. 24.)

The flood insurance policy at issue was part of the Federal Emergency Management Agency's "Write Your Own" ("WYO") Program. Implemented as part of the National Flood Insurance Act ("NFIA"), the WYO Program allows private insurance carriers to issue federally-backed standard flood insurance policies ("SFIPs") under their own names. *See* 42 U.S.C. §§ 4001-4131; 44 C.F.R. § 62.23. The SFIPs include the following provision:

> "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance

regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law."

44 C.F.R. pt. 61, app. A(1), art. IX. Further, WYO insurance companies become "fiscal agent[s] of the Federal Government," as they deposit SFIP premiums into the United States Treasury and pay SFIP claims using federal funds. *See* 42 U.S.C. § 4017(a)–(d); 44 C.F.R. § 62.23(g). As agents of the Federal Government, WYO insurance carriers receive the benefit of sovereign immunity with respect to administering these policies, although Congress has waived this immunity in actions involving breach of contract under the policy. *See* 42 U.S.C. § 4072.

## II. Motion to Strike

### A. Standard of Review

A motion to strike is appropriate under Fed. R. Civ. P. 12(f) for "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* In addition, the power to strike a pleading is inherent in the Court's authority to enforce its orders and ensure prompt disposition of legal actions. *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). However, while striking of entire pleadings has been authorized as a means of sanction, the remedy is "drastic" and should be limited to the most extreme of circumstances. *See*

*Augustus v. Bd. of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962);[1] *E.E.O.C. v. Troy State Univ.*, 693 F.2d 1353, 1357–58 (5th Cir.1982).

"[W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Augustus*, 306 F.2d at 868. Further, before granting a motion to strike, the Court must be convinced there are no questions of fact, that any questions of law are clear, and that under no set of circumstances could the matter succeed. *Augustus*, 306 F.2d at 868.

B.     **Discussion**

Nationwide contends that Nixon's amended complaint should be struck because it fails to comply with the Court's August 18, 2015 order. However, Nixon has sufficiently complied with the August 18 order, as he has amended his complaint to further allege that he met all conditions precedent to filing a lawsuit. Although Nixon failed to change the title of his complaint from one for declaratory relief to one for damages for breach of contract, Nixon has complied with the

---

[1]The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir.1981)(en banc).

substance of the order. Thus, the Court does not find striking Nixon's amended complaint to be an appropriate means to dispose of this action.

## III. MOTION TO DISMISS

### A. Subject Matter Jurisdiction

#### 1. Standard of Review

"[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts, and . . . . [must] satisfy itself as to the existence of its power to hear the case." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003). The Court may consider matters outside the pleadings in ruling on a motion under Rule 12(b)(1). *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

#### 2. Discussion

Nationwide contends that the Court lacks subject matter jurisdiction over Nixon's claim because Congress did not waive sovereign immunity under the NFIA for declaratory judgment actions. Although still titled "Complaint for Declaratory Judgment" (Doc. 1), the amended complaint indicates that Nixon does not seek declaratory relief. Instead, he seeks monetary relief and asserts a claim for

breach of contract arising under the NFIA. Because Congress has waived sovereign immunity for breach of contract actions brought under the NFIA, federal jurisdiction over this matter is appropriate, and Nationwide's motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is denied.

### B.     Failure to State a Claim

#### 1.     Standard of Review

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the facts alleged in the complaint must be specific enough that the claim raised is "plausible." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is *plausible on its face*.") (emphasis added). A claim for relief is plausible on its face when the complaint's "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Conclusory statements of law may "provide the framework of a complaint," but the plaintiff is required to support them with "factual allegations." *Iqbal*, 556 U.S. at 679.

The process for evaluating the sufficiency of a complaint has two steps. This Court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Conclusory statements and recitations of a claim's elements are thus disregarded for purposes of determining whether a plaintiff is entitled to survive a motion to dismiss. *See Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 687). Next, this Court "assume[s] [the] veracity" of "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A complaint's factual matter need not be detailed, but it "must . . . raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In reviewing the complaint, this Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Nonetheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable." *Twombly*, 550 U.S. at 556. This Court considers only "the face of the complaint and attachments thereto" in order to determine whether Plaintiff states a claim for relief. *Starship Enters. of Atlanta, Inc. v. Coweta Cnty.*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013). Generally, the complaint should include "enough information regarding the material elements of a cause of action to

support recovery under some 'viable legal theory.'" *Am. Fed'n of Labor & Cong. of Indus. Orgs v. City of Miami, Fla.*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001)).

### 2. Discussion

Nationwide contends that, under Fed. R. Civ. P. 12(b)(6), Nixon must specifically plead that he complied with the SFIP's proof of loss provision because filing a timely-signed and sworn Proof of Loss is a condition precedent to obtaining benefits under the policy. *See* 44 C.F.R. pt. 61, app. A(1). However, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Nixon's allegation that "[a]ll conditions to recovery under the policy have been either met or waived" is sufficient to survive a motion to dismiss. *See, e.g.*, *EEOC v. Times-Picayune Pub. Corp.*, 500 F.2d 392, 392 (5th Cir. 1974) ("[W]e think the original complaint . . . generally alleging that 'all conditions precedent to the institution of the lawsuit have been fulfilled,' . . . sufficiently complied with Rule[] . . . 9(c)."). Thus, Nationwide's motion to dismiss Nixon's breach of contract claim is denied.

Additionally, Nationwide contends that Nixon's claim for extra-contractual damages is subject to dismissal under Fed. R. Civ. P. 12(b)(6). As well as asserting a claim for breach of contract under the NFIA for which no right to a jury trial is

recognized, Nixon also asserts a claim for extra-contractual damages in an amount to be determined by a jury. *See, e.g.*, *Lehman v. Nakshian*, 453 U.S. 156, 161 (holding that the right to a jury trial does not apply in actions for money to be paid by the federal government unless Congress affirmatively grants the right) *and Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1312 (11th Cir. 2001) (noting that "the federal government, through FEMA, will always foot the full bill" for SFIP claims); *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 402 (5th Cir. 2012) (holding that there is no right to a jury trial in NFIA breach of contract cases); *Gunter v. Farmers Ins. Co.*, 736 F.3d 768, 773 (8th Cir. 2013) (finding no right to a jury trial in breach of contract cases under the NFIA). Nixon contends that his right to extra-contractual damages in this NFIA-based action arises out of federal common law, not state law.

While the Eleventh Circuit has not addressed whether the NFIA authorizes federal common law claims for extra-contractual damages, other circuits have held that no such federal common law right exists. *See, e.g.*, *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 393–95 (5th Cir. 2007) ("We previously recognized that the reference to federal common law in the SFIP . . . does not confer on policyholders the right to assert extra-contractual claims against WYO insurers—which claims, if successful, would likely be paid with government funds."); *Gunter*, 736 F.3d at

772–73 (following *Wright*'s reasoning and finding that "[i]t would frustrate the intent of Congress to allow preempted state law claims to proceed under the guise of federal common law").

Further, the Supreme Court has cautioned against creation of federal common law when Congress has fashioned a comprehensive legislative scheme:

> [O]nce Congress addresses a subject, even a subject previously governed by federal common law, the justification for lawmaking by the federal courts is greatly diminished. Thereafter, the task of the federal courts is to interpret and apply statutory law, not to create common law.

*Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77, 95 n.34 (1981). Here, taking other circuits' holdings into consideration, along with the fact that the NFIA provides a contractual remedy, the Court declines to recognize a federal common law claim for extra-contractual damages under the NFIA. Thus, Nationwide's motion to dismiss Nixon's claim for extra-contractual damages is due to be granted. Because Nixon's jury demand was for his claim for extra-contractual damages, the clerk is directed to remove the jury request from the docket, and this trial will now be a bench trial.

### IV. CONCLUSION

For the reasons stated above, Nationwide's motion to strike Nixon's complaint is DENIED. Nationwide's motion to dismiss is due to be GRANTED in

part and DENIED in part. More specifically, Nationwide's motion to dismiss Nixon's breach of contract claim is denied. Nationwide's motion to dismiss Nixon's claim for extra-contractual damages is granted. A separate order consistent with this opinion will be entered.

    **DONE** AND **ORDERED** ON NOVEMBER 4, 2015.

                                      L. SCOTT COOGLER
                               UNITED STATES DISTRICT JUDGE

182184