IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CRAWFORD NIXON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 7:15-cv-00186-LSC |
| ) | |
| NATIONWIDE MUTUAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION**

Plaintiff Crawford Nixon ("Nixon") filed this action against Nationwide Mutual Insurance Company ("Nationwide"), alleging that Nationwide breached its Standard Flood Insurance Policy ("SFIP") with Nixon by denying Nixon's claim for benefits under the SFIP. Before this Court is Nixon's second motion to alter or amend judgment. (Doc. 79.) In the motion, Nixon urges this Court to reconsider under Federal Rule of Civil Procedure 59(e) its Order granting summary judgment in favor of Nationwide (the "Summary Judgment Order") and its Memorandum of Opinion and Order denying Nixon's first motion to alter or amend (the "First MAA Order"). Nixon argues this Court committed a manifest error of fact because it construed Nixon's previous pleadings to not include claims

for repair to the structure of Nixon's home ("structure damages"). For the reasons stated below, Nixon's second motion to alter and amend is due to be DENIED.

## I. RELEVANT PROCEDURAL HISTORY

On March 21, 2017, the Court entered the Summary Judgment Order in favor of Nationwide and dismissed Nixon's claim. (*See* Doc. 72.) The Court found that Nixon had failed to show he was entitled to damages to repair flood-related land erosion ("land damages") or damages for relocating his home ("relocation damages"). Nixon filed a timely motion to alter or amend judgment under Rule 59(e) on April 3, 2017. (Doc. 73.) After the motion was briefed by both parties, the Court on September 13, 2017, entered the First MAA Order, which denied Nixon's motion. (Doc. 77.)

On September 25, 2017, Nixon filed his second motion to alter or amend judgment. (Doc. 79.) The Court entered an Order, (doc. 80), prompting Nationwide to respond to Nixon's second motion to alter or amend. The Order stated that upon receipt of Nationwide's response the Court would consider Nixon's motion without further notice to the parties. Nationwide responded, and although the Court's Order did not give Nixon leave to file a reply to Nationwide's response, he did so anyway on October 6, 2017. (Doc. 82.) The Court considers

Nixon's reply that was filed without leave, although the content of the reply does not change the ultimate result of this Order.

## II. Discussion

### a. Nixon's Second Motion to Alter or Amend is Not Timely

Under Rule 59(e), a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court may not extend Rule 59(e)'s time limit, according to Rule 6(b)(2). Thus, the Court is without discretion to allow Nixon's motion to be heard if it is untimely under Rule 59(e) and cannot extend the twenty-eight day limit. *See Wright v. Preferred Research, Inc.*, 891 F.2d 886, 890 (11th Cir. 1990).

To determine whether Nixon's motion is timely, the Court has to determine which order Nixon's motion seeks to alter or amend: the Court's March 21, 2017 Summary Judgment Order or the September 13, 2017 First MAA Order. In his second motion to alter or amend, Nixon begins by stating the Court failed in both orders to address structure damages; however, he focuses his arguments almost exclusively on the contents of the Court's Summary Judgment Order. Nixon does not argue that the Court's First MAA Order was wrong in its consideration of the interpretation of the meaning of "dwelling" in the SFIP, which was the sole issue challenged by Nixon's first motion to alter or amend:

> [Nixon] moves the Court to reconsider the portion of its order granting summary judgment for the Defendant discussed at pages 10-12 of its [Summary Judgment Order]. . . . Specifically, the Court stated that the term "dwelling," defined as a "building," did not include soil providing lateral and subjacent support to the structure. Plaintiff respectfully submits that this is incorrect.

(Doc. 73 at 1.) Nixon's second motion to alter or amend in reality does not challenge the Court's First MAA Order, but rather its earlier Summary Judgment Order.

Nixon nonetheless argues in his current motion that he is actually challenging the First MAA Order because it failed to address a statement about damages to his home made in a footnote to his first motion to alter or amend. This sole reference to structure damages in Nixon's first motion to alter or amend is buried in his argument that the term "dwelling" includes soil under the building. Nixon states in a footnote that: "[Nationwide's representative and expert] testified that the term 'dwelling' includes the exterior stairs, the slab and wooden pilings, *and* the subterranean soil providing support. The flood in this case damaged each such element. Yet the Court's decision bars coverage for all of this." (Doc. 73 at 2 n.1 (internal citations omitted).) Nixon's *non sequitur* footnote, without any citation to any legal authority, is not enough to raise an argument about structure damages. The footnote quotes Nationwide's representative and expert's testimony, but does not show how that testimony has any bearing on Nixon's right to recovery for

structure damages. Even after Nationwide's response to Nixon's first motion to alter or amend addressed the definition of "dwelling," Nixon did not use his reply brief to correct the Court's focus to structure damages and instead continued to argue about the meaning of "dwelling." (*See* Doc. 76.) Nixon cannot make the second motion to alter or amend timely by saying he challenges the Court's First MAA Order, where the second motion to alter or amend—outside of its lone reference to the Court's supposed failure to address the *non sequitur* footnote—solely disputes the basis for the Court's earlier Summary Judgment Order. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167 (11th Cir. 2004) (appellant cannot incorporate arguments made in lower court by reference in appellate brief).

Nixon's second motion to alter or amend is an attempt to have the Court revisit the legal and factual basis of its March 21, 2017 Summary Judgment Order and not the grounds for its September 13, 2017 First MAA Order. The motion was filed well after the twenty-eight day period following the Court's grant of summary judgment in favor of Nationwide on March 21, 2017. Thus, even if Nixon's present

motion was meritorious, the Court is without discretion to grant the motion because it is untimely.[1]

### b. NIXON FAILS TO SHOW A MANIFEST ERROR OF FACT IN THIS COURT'S PREVIOUS ORDERS

Putting timeliness issues aside, Nixon has not shown that the Court's earlier grant of summary judgment contained a "manifest error of fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." (internal citation omitted)). A party may not use a motion for reconsideration to introduce additional facts or new theories of law not raised prior to the entry of judgment, or to litigate old matters. *Id.* Nixon's argument fails because he ultimately does not show he properly raised the argument he charges the Court as having missed.

Nixon argues the Court misinterpreted his earlier pleadings and did not address his argument concerning structure damages. Nixon's Opposition to Summary Judgment includes two statements in the "Undisputed Facts" section that he characterizes as relating to structure damages. These references state: "Erosion from the flood damaged the 'dwelling' in several ways, including, but not

---

[1] In his reply filed without leave of the Court, Nixon asks for relief in the alternative under Rule 60(b)(1). As the Court finds that Nixon's argument that the Court committed an error of fact lacks merit, construing his argument as seeking relief under Rule 60(b)(1) does not change the result. *Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992) ("untimely Rule 59(e) "motions may . . . be treated as Rule 60(b) motions if grounds stated would be a basis for Rule 60(b) relief").

limited to, the slab, one of the pilings, the stairs, and its subjacent and lateral support (which flood waters undermined and substantially removed)," (doc. 67 at 2-3.), and "[m]ore work on [erosion mitigation work], as well as the slab and pilings, is necessary." *Id.* Both statements refer to damage to the dwelling itself.

Nixon further claims that he submitted a bid from Price McGiffert Construction dated November 12, 2014 (the "McGiffert Estimate") to Nationwide for structure damages and that the Court "mistakenly believed that the McGiffert Estimate was for 'relocation damages' of Nixon's home to a different area on the property." (Doc. 79 at 2.) In his second motion to alter or amend, Nixon attached a new affidavit, dated September 25, 2017, where he states that the McGiffert Estimate was for structure damages. (*See* Doc. 79 Ex. 2.) Because Nixon could have brought this affidavit in his Opposition to Summary Judgement but didn't, the Court does not consider it. *Arthur*, 500 F.3d at 1343 ("[A] Rule 59(e) motion [cannot be used] to . . . present evidence that could have been raised prior to the entry of judgment." (internal citation omitted)).

Putting aside the procedural tardiness of Nixon's new affidavit, it is also a self-serving attempt to contradict his earlier sworn testimony on the purposes of the McGiffert Estimate. During his deposition, Nixon stated the McGiffert Estimate was for work to relocate the house to a different part of the property:

> Q: Do you recognize this document?
>
> A: Yes.
>
> Q: What is it?
>
> A: It's a bid from Price McGiffert Construction Company to—of the work that we needed to be done in order to move the house to the new house pad that we had built. . . .
>
> Q: Has [the bid] been paid?
>
> A: It's just a bid, it's not an invoice, because none of—this work has, you know, this work has not been done. This is just basically what will need to be done in order to, you know, disassemble and reassemble the house to, you know, get it on the new house pad that we've built which is on more stable ground a little father back off the river bank.

(Doc. 64 Ex. 4 at 39, 42.)

In apparent reliance on Nixon's sworn testimony, Nationwide attached the McGiffert Estimate to its motion for summary judgment as Exhibit 19 and referred to it as an estimate of the costs to relocate the Nixon's home, but not as an estimate of structure damages:

> In support of his alleged damages to relocate his home further away from the Black Warrior River, Nixon provided . . . an estimate from Price McGilfert [sic] Construction Co. dated November 12, 2014 in the amount of $39,775.20 for disassembling and reassembling the house, if it were to be moved, hereinafter referred to as "Relocation Damages."

(Doc. 63 at 9.) Nixon did not object in any of his filings to Nationwide's portrayal of the McGiffert Estimate until the present motion.

While the Court did not give Nixon leave to file a reply, he did so anyway and included therein a citation to the deposition of Nixon's Father, who testified that the McGiffert Estimate was for repair to the existing dwelling and not for relocation damages. (Doc. 82 at 3.)² Unlike Nixon's untimely affidavits, (*see* docs. 79-2 & 82-1), Nixon's Father's deposition was part of the factual record at the time of summary judgment. (*See* Doc. 64-10 at 108-09.) However, Nixon never cited this testimony in his Opposition to Summary Judgment to contradict Nationwide's argument that the McGiffert Estimate was for relocation damage. He now directs the Court's attention to it for the first time during his *second* motion to alter or amend. The Court is under no duty to scour the record for facts not cited by the parties. *See* Fed. R. Civ. Pro. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *see also Chavez v. Sec'y Florida Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (A district court is not "required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface in his petition.") Nixon failed to include this testimony in his Opposition to Summary Judgment, and the Court did not commit manifest error by failing to cull an argument for

---

² In his reply, Nixon included a *second* affidavit, sworn October 5, 2017, that purports to correct his earlier deposition misstatement. As stated above, the Court does not consider evidence that could have been brought prior to the entry of judgment, but was not. *Arthur*, 500 F.3d at 1343.

Nixon when counsel did not do so. Nixon's about-face on the purpose of the McGiffert estimate for structure damages is unpersuasive.

Nixon's "Arguments" section of his Opposition to Summary Judgment includes four sections: (1) Proof of Loss; (2) Land Damage; (3) Temporary Repairs; and (4) Relocation Damages. Nixon did not include a section to address any legal argument for recovery for structure damages. Throughout all the arguments Nixon makes, the only reference that can be construed as referring to any sort of structure damages arises in his "Land Damages" section, which responded to Nationwide's contention that the SFIP does not cover the cost of replacing and reinforcing the land that lies under the dwelling. (Doc. 63 at 18.)

In the Land Damages section, Nixon argued the term "dwelling" in the SFIP includes the land on which the dwelling sits and thus he was entitled to land damages:

> Nationwide's reliance on its "land" exclusion is also misplaced. Nationwide admits that its policy covers losses from land subsidence as a result of erosion. (Magnuson Depo., 63-64 and Exhibit 2, p.9 thereto). Nationwide also admits that when applied to Ford Nixon's river home, the term "dwelling" includes not merely the four walls, but also the subterranean soil serving as the lateral and subjacent support for the dwelling. (Magnuson Depo. 107, 116-17; Aikens Depo., 46-48, 91-93). It is undisputed that the "dwelling" was damaged by the flood.
> Nationwide does not point to an exclusion that applies to the subterranean soil serving as lateral and subjacent support and, therefore, within the meaning of "dwelling."

(Doc. 67 at 7.) The parts of the Magnuson deposition cited by Nixon refer to land subsidence; the parts of the Aikens deposition refer to groundwater's effect on the land underneath the dwelling and the pilings. (*See* Magnuson Depo. at 63-64; Aikens Depo. at 46-48, 91-93.) As noted above in his first motion to alter or amend Nixon challenged the Court's interpretation of "dwelling" in relation to land damages, but did not use the motion to clarify that he was also seeking structural damages. Nixon's argument clearly goes to land damages, not to structure damages.

While Nixon included a section titled "Temporary Repairs" in his Opposition to Summary Judgment, he did not use this section to argue that the McGiffert Estimate was for structure damages or that the dwelling itself needed repairs. (Doc. 67 at 8-9.) Instead, he argued that he was entitled for reimbursement for efforts to temporarily shore-up the land supporting the base of the house, which the Court addressed in its Order. (Doc. 71 at 8-9, 11-12.)

In summary, Nixon argues that the Court committed manifest error by failing to piece together his two statements in the "Undisputed Facts" section; two new, untimely affidavits that contradict his earlier deposition; and the testimony of Nixon's father that Nixon failed to cite until his reply motion. Although not raised by Nixon, the Court considered on its own the vague allusion to structure damages

included in Nixon's land damages argument. Nixon has failed to meet his high burden of showing manifest error of fact because the parts of the pleadings he cites, taken together, cannot comprise an argument for structure damages. The Court has no duty to form these raw facts into an argument:

> [t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments . . . .

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (quotations and citations omitted); *see Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) (Appellant "cannot readily complain about the entry of a summary judgment order that did not consider an argument [he] chose not to develop for the district court at the time of the summary judgment motions."); *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (Appellant did not properly preserve issue where "brief contains only four passing references to the [issue allegedly raised], each of which is embedded under different topical headings."); *Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) ("[A] ground not pressed in the district court in opposition to a motion for summary judgment is to be treated by the district court as abandoned." (quoting *Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir. 1986))). Nixon's previous filings made no tenable argument concerning structure

damages. He cannot now point at solitary, passing references to structure damages and argue the Court erred by not divining a winning argument for him.

Finally, because Nixon did not adequately raise an argument for structure damages in his Opposition to Summary Judgment, the Court yet again declines to rule on the "earth movement" exception. (*See* Doc. 71 at 10.) Any issue of fact relative to whether the actual cause of damage was caused by the flood or resulting earth movement is immaterial, as all damages that Nixon *timely* alleged, the land and relocation damages, are not covered or excluded by the SFIP. (*Id.*)

### III. CONCLUSION

Because Nixon's second motion to alter or amend is untimely and shows no manifest error of fact by the Court, his second motion to alter or amend (Doc. 79) is due to be DENIED. An Order consistent with this Opinion will be entered separately.

**DONE** AND **ORDERED** ON OCTOBER 11, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

190485